UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAYA WEISS,
                      Plaintiff,

-v-

AMERICAN EXPRESS NATIONAL BANK,
                      Defendant.

19-CV-4720 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Chaya Weiss filed this suit in New York state court alleging that Defendant American Express National Bank ("AMEX") failed to conduct a reasonable investigation into and imposed charges for unauthorized charges to her credit card, in violation of federal and New York law. (*See* Dkt. No. 1-1 ("Compl.").) On May 22, 2019, AMEX removed the case to federal court. (*See* Dkt. No. 1.) Before the Court now is AMEX's motion to compel arbitration. (*See* Dkt. No. 8.) For the reasons that follow, the motion is denied.

I.     **Background**

Weiss is the holder of a credit-card account with Defendant AMEX. (Compl. ¶ 7.) That account, AMEX contends, is governed by an agreement (the "Cardholder Agreement" or the "Agreement") that was mailed to Weiss at the time her card was issued. (*See* Dkt. No. 8 at 1; Dkt. No. 9-1 ("Agmt.").) Under the Agreement, either signing or failing to return the credit card constitutes assent to its terms. (*See* Agmt. pt. 2 at 1.) The Agreement contains an arbitration clause, which states:

> You or we may elect to resolve any claim by individual arbitration . . . . If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court . . . . Before beginning arbitration, you or we must first send a claim notice. Claims will be referred to either JAMS or AAA, as selected by the party electing

> arbitration . . . . You or we may . . . elect to arbitrate any claim at any time unless it has been filed in court and trial has begun or final judgment has been entered.

(*See* Agmt. pt. 2 at 5.) It is undisputed that Weiss neither returned the credit card nor expressed a desire to opt out of the arbitration agreement, and that she thereafter used the credit card.

In 2018, a dispute arose between Weiss and AMEX regarding certain charges placed on her card. In 2019, Weiss filed the present suit in New York state court alleging violations of federal and New York law arising out of those disputed charges. (*See generally* Compl.) After the suit was filed but before the complaint was served, AMEX filed a different suit in New York state court, seeking to collect the debt owed on the credit card. (*See* Dkt. No. 19-4.)

On May 22, 2019, AMEX removed this case, invoking this Court's subject matter jurisdiction, and on June 7, 2019, AMEX moved to compel arbitration and to stay or dismiss the case, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§3, 4.

**II.     Legal Standard**

"The FAA 'requires courts to enforce privately negotiated agreements to arbitrate . . . in accordance with their terms.'" *Nat'l Union Fire Ins. Co. of Pittsburg v. Beelman Truck Co.*, No. 15 Civ. 8799, 2016 WL 4524510, at *2 (S.D.N.Y. Aug. 24, 2016) (alteration in original) (quoting *Volt Info. Scis., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). The court's evaluation is limited to: "i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004). Where these requirements are met, the court must issue "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. These "threshold question[s]" of arbitrability are generally answered by applying state contract law. *Nicosia v. Amazon.com*, 834 F.3d 220, 229 (2d Cir. 2016).

**III.     Discussion**

AMEX moves to compel arbitration based on the arbitration clause in the Cardholder Agreement. Weiss raises three arguments in opposition. First, she argues that AMEX has failed to carry its burden of showing an enforceable arbitration clause governs the dispute (*see* Dkt. No. 15 at 2–7); second, she claims that AMEX may not rely on the arbitration clause, given its filing of the collection action (*see* Dkt. No. 15 at 8–9); and third, she argues that even if a valid agreement governs the dispute and AMEX may rely on it, AMEX may not seek to compel arbitration because it has not sent a claim notice of its election to arbitrate, as required by the contract (*see* Dkt. No. 15 at 7). Because the Court is persuaded by the third of these arguments, it is unnecessary to address the others.

The Agreement's arbitration clause permits either party to unilaterally elect arbitration. "Before beginning arbitration," however, the party "*must* send a claim notice." (Agmt. pt. 2 at 5 (emphasis added).) That notice, moreover, must identify either JAMS or AAA as the party's preferred arbitrator. (*Id.*) In the absence of a such a notice, though, the parties are not required to submit disputes to arbitration and instead may litigate in a judicial forum. (*See id.*) Put differently, the clause vests each party with an option to arbitrate, but to exercise that option, the party must send the requisite claim notice.

Judge Koeltl's decision in *Marcus v. Frome* is instructive. *See* 275 F. Supp. 2d 496 (S.D.N.Y. 2003). In *Marcus*, the parties' dispute "f[ell] squarely within the scope of claims that would be subject to [their] arbitration clause." *Id.* at 505. Yet there, as here, the arbitration clause did not mandate arbitration, but rather permitted either party to unilaterally elect arbitration. *See id.* Observing that, given the optional nature of the arbitration provision, the provision did not "take effect" until "one side . . . [made] an arbitration demand," the court held that in the absence of such a demand, "there is no basis to compel the parties to seek arbitration."

*Id.*; *see also Wachovia Bank, N.A. v. Bluffwalk Ctr. L.P.*, No. 08 Civ. 212, 2008 WL 2787399, at *2 (E.D. Va. July 15, 2008) (applying *Marcus* to deny as "premature" a motion to stay pending arbitration when the party seeking the stay had not yet exercised its option to arbitrate via written notice).

Here, AMEX has not suggested that it ever sent a claim notice or selected an arbitrator, satisfying the arbitration clause's terms. Indeed, despite an entire section of Weiss's opposition brief dedicated to this very point, American Express's brief did not address it at all. Because AMEX did not elect arbitration in compliance with the contract's terms, the Court is powerless to compel arbitration, and the motion to compel arbitration is denied.

**IV. Conclusion**

For the foregoing reasons, AMEX's motion to compel arbitration and stay or dismiss the case is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 8.

SO ORDERED.

Dated: January 7, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

4