UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHAYA WEISS,
                         Plaintiff,

                -v-

AMERICAN EXPRESS NATIONAL BANK,
                         Defendant.

19-CV-4720 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

On January 7, 2020, the Court denied the first motion to compel arbitration filed by Defendant American Express National Bank ("AMEX"), holding that Defendant had not satisfied a condition precedent for electing arbitration under its Cardholder Agreement with Plaintiff Chaya Weiss. (Dkt. No. 20.) Having now satisfied that condition precedent, by sending Weiss a notice of its intent to arbitrate this case before JAMS (Dkt. No. 31-1), AMEX moves once again to compel arbitration. (Dkt. No. 27.) For the reasons that follow, AMEX's motion is granted. Familiarity with the facts and with the Court's prior opinion is presumed.

**I.    Discussion**

Weiss raises three arguments in opposition to AMEX's second motion to compel arbitration. (Dkt. No. 35.) First, she contends that successive motions practice is impermissible and that the present motion is precluded by the Court's denial of AMEX's earlier motion to compel. Second, she disputes whether AMEX has demonstrated the existence of a valid agreement to arbitrate. Third, she construes AMEX's participation in this and a previous litigation as a waiver of AMEX's right to compel arbitration. None of these arguments is persuasive.

1

Taking the arguments in turn, Weiss points to no law or precedent establishing that successive motions to compel arbitration are improper, as a matter of course. She cites *Official Committee of Unsecured Creditors of Color Title v. Coopers & Lybrand* for the proposition that, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again," but this proposition pertains to the law-of-the-case doctrine. 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks and citation omitted). The law-of-the-case doctrine is not pertinent here, where AMEX bases its motion on "the availability of new evidence" — AMEX's provision of notice of its intent to arbitrate — not a challenge to the reasoning employed in the Court's previous decision. *Id.* (internal quotation marks and citation omitted). As AMEX highlights, courts in the Second Circuit have previously allowed parties to file successive motions to compel arbitration. *See, e.g., Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 92 (S.D.N.Y. 1997) (granting the defendants' second motion to compel arbitration based on new evidenced obtained through discovery); *Medidata Solutions, Inc. v. Veeva Sys. Inc.*, No. 17-cv-589, 2018 WL 1083968, at *2 (S.D.N.Y. Feb. 27, 2018) (considering the defendant's second motion to compel arbitration, in light of new allegations in the plaintiff's amended complaint). Weiss presents no reason for the Court to depart from this practice or to decline to enforce the plain terms of the Cardholder Agreement.

Weiss's challenge to the validity of the agreement to arbitrate also fails. Weiss insinuates that she never consented to the arbitration provision at issue, emphasizing that AMEX has neither provided a signed copy of the Cardholder Agreement nor provided a copy of the terms sent to Weiss when she opened her account. (Dkt. No. 35 at 7–8.) Without such copies, Weiss

argues, AMEX "has failed to establish the existence of a valid agreement to arbitrate." (Dkt. No. 35 at 9.) Weiss is wrong on the law and wrong on the facts.

Under New York law, which governs the formation of the Cardholder Agreement, *see Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012) ("Applying the choice-of-law clause to resolve the contract formation issue would presume the applicability of a provision before its adoption by the parties has been established."); *see also Biggs v. Midland Credit Mgmt., Inc.*, No. 17-cv-340, 2018 WL 1225539, at *6 (E.D.N.Y. Mar. 9, 2018) (applying New York law to identify the existence of a contract, based on where the "plaintiff received the Account Agreement and account statements" and despite the contract's choice of Utah law), Weiss evidently consented to the Cardholder Agreement and its arbitration provision. A custodian of records for AMEX testified that the Cardholder Agreement was mailed to Weiss with her credit card, as is "American Express's standard business practice." (Dkt. No. 29 ¶ 5.) Under New York law, "[t]here is a rebuttable presumption that a letter which is mailed is received by the addressee," and "[p]roof of mailing may be established . . . by showing that it was the regular office practice and procedure to mail such a letter." *Mount Vernon Fire Ins. Co. v. E. Side Renaissance Assocs.*, 893 F. Supp. 242, 246 (S.D.N.Y. 1995) (collecting cases). Furthermore, Weiss accepted and used the AMEX credit card (Dkt. No. 30-1), and "it is clear under New York law that regular use of a credit card constitutes sufficient evidence of the card user's consent to the terms of the agreement governing the account." *Salerno v. Credit One Bank, NA*, No. 15-cv-516, 2015 WL 6554977, at *4 (W.D.N.Y. Oct. 29, 2015) (collecting cases). The Cardholder Agreement from 2014 (Dkt. No. 29-1 at 2), which AMEX has in fact produced, contains an arbitration provision (Dkt. No. 29-1 at 8) that is functionally identical to the arbitration provisions contained in later iterations of the Cardholder Agreement, including the

iteration in force when Weiss filed her complaint.  (Dkt. No. 30-2 at 2, 9.)  Given the unrebutted evidence that Weiss received the Cardholder Agreement, that Weiss used the AMEX credit card sent with the Cardholder Agreement, and that the Cardholder Agreement had an arbitration provision in it at all times, the Court finds a valid agreement to arbitrate.

Finally, Weiss cannot show that AMEX waived its right to arbitrate her claims.  The Court is empowered to reach this conclusion, *Doctor's Assocs., Inc. v. Distajo* [*Distajo I*], 66 F.3d 438, 456 (2d Cir. 1995) ("[W]here the waiver defense was based on prior litigation by the party seeking arbitration . . . the court should decide the issue of waiver"), and in doing so, applies the "federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [Federal Arbitration Act (FAA)]." *Doctor's Assocs., Inc. v. Distajo* [*Distajo II*], 107 F.3d 126, 130–31 (2d Cir. 1997) (internal quotation marks and citation omitted).  As a "general rule," "waiver of the right to arbitrate occurs when a party 'engages in protracted litigation that results in prejudice to the opposing party.'" *Id*. at 131 (citing *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993)).  The conduct that Weiss argues amounts to a waiver is AMEX's filing of a collection suit in New York state court, which AMEX voluntarily dismissed before any adjudication of the merits, and AMEX's removal of this case to federal court.  (Dkt. No. 35 at 11.)  But the state case was, and this case is, at an "early stage" of litigation; there is no protracted litigation of which to speak.  *Distajo II*, 107 F.3d at 132.  Even if there had been more substantial litigation of the collection suit, "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver," *id*. at 133, and AMEX's simple collection claims (Dkt. No. 19-4) were unlike the Fair Credit Billing Act, Truth in Lending Act, and New York General Business Law claims at issue in this litigation.  (Dkt. No. 1-1 at 7–10.)  There is no basis for finding waiver of AMEX's right to arbitrate, and the Court

4

must grant AMEX's motion to compel arbitration, consistent with the arbitration provision of the Cardholder Agreement and the FAA.

**II.     Conclusion**

For the foregoing reasons, AMEX's motion to compel arbitration and dismiss the case is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 27 and to close this case.

SO ORDERED.

Dated: November 18, 2020
       New York, New York

_____
                    J. PAUL OETKEN
                    United States District Judge